UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


FITZGERALD JOHNSON                          CIVIL ACTION


VERSUS                                      NO: 06-5972


FEDERAL EMERGENCY MANAGEMENT                SECTION: "R"(2)
AGENCY AND R. DAVID PAULISON,
DIRECTOR, ET AL.


**ORDER AND REASONS**

Before the Court is defendant Federal Emergency Management
Agency's unopposed motion to dismiss under Rules 12(b)(1) and
12(b)(6) of the Federal Rules of Civil Procedure.  For the
following reasons, the Court GRANTS defendant's motion.


**I.    BACKGROUND**

Plaintiff FitzGerald Johnson is a Louisiana resident who was
displaced by Hurricane Katrina in 2005.  Plaintiff's home and
personal property, located in Slidell, were uninsured at the time
of Hurricane Katrina.  Plaintiff alleges that the Federal
Emergency Management Agency (FEMA) violated disaster relief
statutes and his constitutional rights by failing to provide him
with monetary assistance in the wake of disasters numbered by

FEMA as 1049 and 1063, which were hurricanes and floods that affected Louisiana in 1995 and 2005, respectively.

Plaintiff asserts that FEMA provided similarly situated victims of the aforementioned disasters with assistance that was arbitrarily denied to him in violation of unspecified disaster relief statues and in violation of his civil rights under the Louisiana Constitution.

FEMA now moves to dismiss all of plaintiff's claims on the basis that sovereign immunity precludes judicial review of the plaintiff's complaint. Plaintiff has not opposed the motion.  The Court rules as follows.


## II.  LEGAL STANDARD

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  A district court may dismiss a case for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (*citing Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997). *See also Clark*, 798 F.2d at 741.  Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261.  When, as is the case here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should dismiss only under the former without reaching the question of failure to state a claim.  *See Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).  A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not prevent the plaintiff from pursuing the claim in another forum.  *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).  Because this Court finds that plaintiff's claims must be dismissed under Rule

3

12(b)(1), it does not address the legal standard for dismissal under Rule 12(b)(6).

### III. DISCUSSION

FEMA moves for dismissal of all of plaintiff's claims on the following grounds: (1) the federal government's sovereign immunity from suit has not been waived with regard to any statutory obligations which may form the basis of plaintiff's complaint; (2) even if the federal government has waived some immunity under the relevant statutes, the actions challenged by the plaintiff are discretionary functions which are entitled to immunity under the relevant statutes.  The Court addresses each asserted basis in turn.

*1.    Sovereign Immunity: The Stafford Act*

The United States is immune from suit unless "a waiver of the Federal Government's sovereign immunity is unequivocally expressed in [the] statutory text."  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Such waivers will not be implied.  *Id.*

There are two possible statutory schemes that might provide a waiver of sovereign immunity with regard to plaintiff's claims. The plaintiff alleges that he has been denied federal assistance in the aftermath of a disaster.  Such a claim concerns FEMA's obligations under the Disaster Relief Act of 1974, commonly known

4

as the Stafford Act.  The Stafford Act is the legislation that allows FEMA to provide federal assistance to states when disaster strikes.  *Freeman v. U.S. Dep't of Homeland Sec.*, 2007 WL 1296206, at *4 (E.D. La. Apr. 30, 2007).  There is no language in the Stafford Act that provides an express and unequivocal waiver of sovereign immunity.  *Id.* at *5.  Further, the Stafford Act precludes judicial review of any claim based on the exercise of a discretionary function.  *See* 42 U.S.C. § 5148.  Plaintiffs' claims involve the exercise of discretionary functions by FEMA, not mandatory acts.  *See Armstead v. Nagin*, 2006 WL 3861769, at *6 (E.D. La. Dec. 29, 2006).  FEMA's memorandum points out that it has not denied assistance to plaintiff; rather, plaintiff challenges the amounts he has received, which falls under the discretionary function doctrine.  Plaintiff has identified no nondiscretionary duty that would entitle him to relief.

2.    *The Administrative Procedures Act*

The only other possible alternative that could form a basis for the plaintiff's claim appears to be the Administrative Procedures Act ("APA") which "contains a limited waiver of sovereign immunity to permit judicial review to those aggrieved of agency actions."  *Freeman,* 2007 WL 1296206 at *5 n.6 (2007).

The APA itself is not an independent basis for subject matter jurisdiction.  *Tucson Airport Auth. v. Gen. Dynamics*

*Corp.,* 136 F.3d 641, 645 (9th Cir, 1998) (citing *Califano v. Sanders,* 430 U.S. 99, 105 (1977)).  Rather, a litigant must be able to show that a federal agency has violated his rights under another statute and that the other statute does not itself forbid relief.  *See id.*  The plaintiff is therefore unable to rely on the APA because the statutory violation upon which it could provide jurisdiction, *i.e.* the Stafford Act, prohibits government liability for discretionary functions in Section 5148.  *McWaters v. Federal Emergency Mgmt. Agency,* 436 F. Supp. 2d 802, 813 (E.D. La. 2006).

The waiver of immunity provided for in the APA precludes money damages and requires that there be no other adequate remedy for the claim elsewhere.  *Armstead,* 2006 WL 3861769, at *5, *8. A party must exhaust all administrative appeals to the point of a final agency action before resorting to the courts.  *Id.*  The plaintiff here is seeking money damages, and has not fully exhausted all avenues of relief within FEMA itself.  The plaintiff has failed to provide requested information to FEMA that would allow it to determine whether he is entitled to any further aid and has either not attempted to appeal the decisions of the agency or has an appeal pending.  The plaintiff's failure to satisfy the requirements of the APA further precludes him from relying upon it to form the basis of jurisdiction.

Given that the Stafford Act does not supply a clear and unequivocal waiver of immunity and the plaintiff cannot identify a specific mandatory duty under federal law that FEMA failed to perform, the Court must find that immunity has not been waived and thus that the plaintiff's claims fail for lack of subject matter jurisdiction.  Further, plaintiff has stated no claim under the federal constitution that would entitle him to declaratory or injunctive relief.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss under Rule 12(b)(1).  Moreover, because Johnson plainly has not stated a claim against the State of Louisiana, this claim is hereby DISMISSED with prejudice.

New Orleans, Louisiana, this  31st  day of May, 2007.

SARAH S. VANCE
UNITED STATES DISTRICT COURT